**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUSSEL VACCARINO,**

    **Plaintiff,**

v.                          **CASE NO.:**

**HERON HOUSE ALF, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Russel Vaccarino, by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, Heron House ALF, LLC ("Heron House"), and in support of his claims states as follows:

### NATURE OF THE CLAIMS

1. Plaintiff brings this action against Defendant for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681a–1681x.

2. The FCRA imposes several important requirements on employers that use a background check as part of their hiring processes, which are designed to protect consumers like Plaintiff.

3. Defendant operates an assisted living facility in Largo, Florida.

4. As part of its hiring processes, Defendant uses consumer reports (commonly known as background checks) to make employment decisions. Because such background checks are "consumer reports" under the FCRA and Defendant's

1

employment decisions are based in whole or in part on the contents of the background checks, Defendant is obliged to adhere to certain requirements of the FCRA.

5. Obtaining and using consumer reports in any context is presumptively illegal. The FCRA provides the limited, and exclusive, statutory bases for possession and use of such report. These permissible purposes include, among other circumstances, employment.

6. When using criminal background reports for employment purposes, employers must, before declining, delaying, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff, with a copy of their respective background reports as well as a written summary of their rights under the FCRA. 15 U.S.C. § 1681b(b)(3). This requirement is commonly known as pre-adverse-action notice.

7. Providing a copy of the criminal background report as well as a statement of consumer rights before making an adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports.

8. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision. Even where reports are accurate, the FCRA still demands that notice be given so applicants have an opportunity to

address any derogatory information with employers before an employment decision is made.

9. As set forth more fully below, Plaintiff's employment was terminated with Defendant because of information in a background check but without Defendant first providing him with a copy of the report on which that decision was based and an opportunity to dispute or discuss the information with Defendant *before* Defendant chose to take adverse action against him.

10. Plaintiff brings claims under 15 U.S.C. § 1681b(b)(3)(A) because, by taking adverse employment action based on undisclosed consumer report information against Plaintiff without first providing them with a copy of the pertinent consumer report and a summary of their rights, Defendant violated that Section of the FCRA.

## JURISDICTION AND VENUE

11. This is an action for damages for violations of Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681b(b)(3)(A).

12. This Court has subject matter jurisdiction under FCRA, 15 U.S.C. §§ 1681n and 1681p.

13. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

14. Plaintiff is a resident of Largo, Pinellas County, Florida.

15. Defendant operates an assisted living facility where Plaintiff was employed, in Largo (Pinellas County), Florida.

## GENERAL ALLEGATIONS

16. Plaintiff has satisfied all conditions precedent, or they have been waived.

17. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

18. Plaintiff requests a jury trial for all issues so triable.

19. Plaintiff is a "consumer" as protected and governed by the FCRA.

20. Defendant is an "employer" and "user" of consumer reports as defined by the FCRA.

21. Defendant used "consumer reports" for "employment purposes" as those terms are defined in the FCRA.

## FACTUAL ALLEGATIONS
### *Defendant's Violations of 15 U.S.C. § 1681b(b)(3)*

22. In approximately July 2022, Plaintiff applied to work in Defendant's Assisted Living Facility as a cook.

23. Defendant conducted an interview with Plaintiff, and he was offered a position and started working on July 5, 2022.

24. Prior to employment, Defendant did not request, nor did Plaintiff consent to a background check as a condition of employment.

25. Plaintiff worked for approximately four or five weeks before a background check was requested from Defendant.

26. Defendant did not provide Plaintiff with any information on the background check. Defendant only provided Plaintiff with an address of where he should go to submit electronic fingerprints.

27. Within a week of submitting fingerprints, Plaintiff was verbally notified by Defendant that "there was a problem" with his background check.

28. No copy of the consumer report was provided to Plaintiff, nor did he receive any notice from anyone, indicating that negative information was reported about him.

29. Plaintiff was not provided an opportunity to verify or dispute any information contained in the consumer report before adverse action was taken against him.

30. Defendant did not provide a Pre-Adverse Action Notice to Plaintiff. The decision to terminate Plaintiff's employment offer was made once the Defendant received the negative information about Plaintiff.

31. Even if Defendant did send Plaintiff a timely Pre-Adverse Action notice, Defendant still violated 15 U.S.C. § 1681b(b)(3) because of the way in which its hiring process is set up.

32. Defendant is an employer with multiple employees and was aware of obligations under the FCRA as they relate to employment.

33. In Plaintiff's case, Plaintiff's employment was terminated with Defendant because of information in a background check but without Defendant first providing him with a copy of the report on which that decision was based and an opportunity to dispute or discuss the information with Defendant ***before*** Defendant chose to take adverse action against him.

34. Defendant terminating Plaintiff's employment caused Plaintiff damages in the form of lost pay, and emotional damages due to stress caused by the loss of a job he should certainly should have retained.

35. Furthermore, Defendant caused Plaintiff to suffer an informational injury by denying him information in the form of a compliant pre-adverse and adverse action notice containing a copy of the consumer report at issue, and a copy of his rights under the FCRA, both of which he is plainly entitled under 15 U.S.C. § 1681b(b)(3).

36. By depriving Plaintiff of all of this information, Defendant robbed Plaintiff of the ability to review the adverse information about him, correct any error, and explain to Defendant any mitigating factors.

37. Defendant's violations of the FCRA were willful.

38. Defendant is an employer likely with in-house counsel and/or regular engagement with outside counsel, meaning it had ample means and opportunity to seek legal advice regarding its FCRA responsiblities. Defendant therefore knew of the requirements imposed upon it by the FCRA and failed to craft a system that would ensure compliance with those requirements.

39. In the alternative, Defendant has ample ability, pursuant to guidance by the statute itself, court decisions, and statements from the Federal Trade Commission, to bring its processes into compliance with the FCRA.

**CLAIM FOR RELIEF**
**Failure to Provide Copy of Consumer Report in Violation of**
**15 U.S.C. § 1681b(b)(3)(A)**

40. Plaintiff alleges and incorporates by reference the allegations in preceding paragraphs 1 through 38.

41. Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff.

42. Defendant violated the FCRA by failing to provide timely Plaintiff with a copy of the consumer report that was used to take adverse employment action against him. 15 U.S.C. § 1681b(b)(3)(A).

43. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681b(b)(3)(A).

44. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission, and under long-established case law. Defendant obtained or had available substantial written materials which apprised them of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

45. Defendant's willful conduct is also reflected by, among other things, the following facts:

    a. Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance, and case law, interpreting the FCRA, as well as the plain language of the statute;

    b. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

    c. In accordance with the FCRA's requirements, the consumer reporting agency from which Defendant acquired consumer reports during the two years preceding the filing of this Complaint required Defendant to certify that it would comply with the FCRA's pre-adverse action notice requirements if those requirements became applicable. *See* 15 U.S.C. § 1681b(b)(1);

46. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

47. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff prays for relief as follows:

a. A declaration that Defendant committed multiple, separate violations of the FCRA;

b. A declaration that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

c. An award of statutory damages as provided by the FCRA, including punitive damages;

d. An award of reasonable attorneys' fees and costs as provided by the FCRA;

e. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## JURY DEMAND FOR TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of July, 2024.

Respectfully submitted,

/s/ Brandon J. Hill
**BRANDON J. HILL**
Florida Bar No: 37061
**HANNAH E. DeBELLA**
Florida Bar No: 1026002
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-337-7992

9

Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**